## No. 6155.

### HENRY NEWELL VS. DANIEL SHAFFETT.

The subject of this controversy is about the effect of the sale of a certain piece of property to plaintiff for three hundred dollars, to be paid in plantation supplies, with the right of redemption by defendant within the year. At the end of the year, the amount not having been paid, an extension of another year was given. The plaintiff instituted this suit to be declared the owner of the property thus sold on redemption, for rent, and also a balance of account. The defendant answered that the act signed by him was in a reality a mortgage to secure advances to be made, and the amount had been paid. He therefore asked to be declared the owner of said property.

Whether a mortgage or a sale, with the right of redemption, it appears that the amount specified as the consideration of the contract was paid to the plaintiff within the extended time, and, no conventional imputation having been made by the parties, the law would impute it to the advances specified in the contract.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge.   *Dewing*, J.   Jury trial.   *George W. Buckner, Read & Goodale*, for plaintiff and appellant.   *Knickerbocker & Stafford*, for defendant and appellee.

HOWELL, J.   On twelfth March, 1868, the defendant passed an act of conveyance to plaintiff of a certain tract of land, with thirty head of cattle, for the consideration of three hundred dollars, to be paid by the purchaser in plantation and other supplies for the said year at prices to be agreed on, leaving to the vendor the use of the said property during the year, and on the condition that if the vendor shall within twelve months reimburse the purchaser in money or cotton for all supplies so furnished, the latter will reconvey the said property to the vendors.   At the end of the year, the amount not having been paid, an extension of another year was given.   The parties continued their dealings until September, 1874, when plaintiff instituted this suit asking to be declared the owner of the said property, for judgment for one hundred dollars per annum rent from first of January, 1869, until delivery, with interest and privilege, and for two hundred and sixty-one dollars and fifty-one cents, balance of account.   The defendant answered that the act signed by him was in reality a mortgage to secure the advances made, and that the amount has been paid, and asked to be decreed the owner of said property.

·The case was tried before three juries, the first declaring the notarial act to be a mortgage, and allowed plaintiff five hundred and sixty-one dollars and fifty-one·cents, balance due him, the second failed to agree, and the third declared the act to be a sale, but was canceled by payment of the amount stipulated within the time as extended, and gave a verdict for $561 51 with interest from judicial demand. From the judgment in accordance with this verdict the plaintiff appealed.

A careful examination of the record fails to convince us that the jury erred in their conclusion.

Whether a mortgage or a sale with the right of redemption, it appears that the amount specified as the consideration of the contract was paid to the plaintiff within the extended time, and no conventional imputation having been made by the parties, the law would impute it to the advances specified in the written contract.

Judgment affirmed.